O/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-953 DOC (PJWx)          Date: October 15, 2008
   (Orange County Superior Court Case No. 30-2008 00108057)

Title: HAMID KASHANI v. HYUNDAI MOTOR AMERICA et al.

DOCKET ENTRY
     [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                          Date:_____ Deputy Clerk: _____

PRESENT:

                      THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                      Not Present
    Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): REMANDING TO ORANGE COUNTY SUPERIOR COURT

      Before the Court is Plaintiff, Hamid Kashani's Motion to Remand. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L-R 7-15. After considering the moving and opposing papers, and for the reasons set forth below, the Court hereby GRANTS the Motion.

      Plaintiff worked for Defendant, Hyundai Motor America, from June 21, 2004 to February 28, 2005. He believed that he was discriminated against on the basis of race and medical disability. Thus, he filed a Complaint with the California Department of Fair Employment & Housing ("DFEH"). He received a right to sue letter and a notice of case closure from the DFEH. He decided to forgo his right to file a complaint with the federal Equal Employment Opportunity Commission, and filed suit in the Orange County Superior Court on June 11, 2008.

Plaintiff served Defendants on July 1, 2008. Defendants removed the suit on August 22, 2008 based on Federal Question Jurisdiction. Plaintiff filed the present Motion to Remand on September 10, 2008, claiming that the removal was untimely and that the Court should exercise its discretion to remand the remaining state-law claims to the Superior Court.

The Court agrees.

Pursuant to 28 U.S.C. § 1446(b), a party seeking removal must file its notice of removal within 30 days after being served with process or within 30 days of service of any document making the case removable. Defendant filed its notice of removal 52 days after Plaintiff served it with process.

In order to trigger the 30-day time limit, the "four corners" of the complaint must "reveal[] a basis for removal." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692-94 (9th Cir. 2005).[1] Defendant contends that this delay occurred, because the original Complaint was unclear as to whether it was asserting a federal claim because, "the complaint contained contradictory references to the FMLA . . . and the Fair Employment Housing Act[, a California Statute]" and because "it appeared that the Complaint was alleging a violation under the state FEHA, not the federal FMLA." This argument is unpersuasive. The Complaint contained a claim labeled FMLA/CFRA – i.e. the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the California Family Rights Act, Cal. Gov. Code § 12945.2 – referenced the FMLA numerous times in the complaint, and referred to several federal regulations giving rise to fiduciary duties. Although the FMLA claim may not have been perfectly pled, it was certainly sufficient to "reveal" the fact that Plaintiff intended to assert a claim under Federal Law.

Accordingly, Defendant's Notice of Removal was untimely.

---

[1] The case Defendant relies on for the proposition that the federal claim must be "clear and unequivocal" to trigger the time-limitation on removal, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 209 (5th Cir. 2002), expressly contrasted the requirements for an initial pleading and those for a subsequent pleading making a case removable. *See id.* ("There is a difference in language in the two paragraphs of 28 U.S.C. § 1446(b) describing the documents which trigger the time limits for notices of removal. The first paragraph governs notices of removal based on an 'initial pleading *setting forth* the claim for relief upon which such action or proceeding is based.' By contrast, the second paragraph governs notices of removal based on 'a copy of an amended pleading, motion, order or other paper from which it may *first be ascertained* that the case is one which is or has become removable.'") (emphasis in original) (footnote omitted). The Court then expressly stated that the first sentence "encompasses a broader range of information that can trigger the time limit" than the second. *Id.* at 211. Because Plaintiff contends that the original Complaint gave notice of its Federal Claim, the broader, first sentence of 28 U.S.C. § 1446(b) applies rather than the narrower, second sentence.

Further, the Court has discretion under 28 U.S.C. § 1367(c) to decline to assert supplemental jurisdiction over state claims where: 1) the state claims predominate the federal claims; or 2) where the district court has dismissed all federal claims.  In Plaintiff's original Complaint and First Amended complaint he raised one mixed federal and state claim under the FMLA and CFRA and no less than 12 state claims.  In his Second Amended Complaint he voluntarily dismissed the FMLA claim.  Accordingly, even in the original and First Amended Complaints, the state claims predominated over the federal claims.  Further, after Plaintiff voluntarily dismissed his federal claim, there is no further federal question in this matter.  The Court declines to exercise supplemental jurisdiction over what is now a purely state-law case.

Accordingly, the Court hereby REMANDS this matter to the Superior Court.

The Clerk shall serve this minute order on all parties to the action.